IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL NARO, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-477 |
| | § | |
| LOWE'S COMPANIES, INC. | § | |
| D/B/A LOWE'S HOME IMPROVEMENT | § | |
|    Defendant. | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Michael Naro, Plaintiff, and files this original complaint against Lowe's Companies, Inc. d/b/a Lowe's Home Improvement (hereinafter "Lowe's" and "Defendant"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

Defendant Lowe's Companies, Inc. d/b/a Lowe's Home Improvement is a for profit entity doing business in Texas and may be served by serving its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-32188.

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. All prerequisites to filing suit have been met.

## III. FACTS

5. Plaintiff was employed for approximately fifteen (15) years by Lowe's Companies, Inc. d/b/a Lowe's Home Improvement. At the time of his discharge on or about April 13, 2022, he was employed as the Store Manager at the Lowe's Home Improvement store located at 19210 Preston Road, Dallas, Texas. He held that position for over one (1) year. Plaintiff maintained a good work record and always met or exceeded his performance goals.

6. Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under Title VII.

7. On March 11, 2022, Plaintiff was notified by a customer service associate that there was a potential shoplifter. He approached the person who was walking toward the garden center with a cart of DeWalt Tools and asked if he needed assistance. The customer became visibly and verbally upset. Plaintiff told him he was just there to assist and because of the cold, the outside registers were not open and he would need to purchase his tools at the inside registers. When the man came inside the store, he left his cart of product behind and exited the store.

8. Plaintiff waited until the man exited through the front doors. He then walked along the front of the store. After the man was in his car, Plaintiff took a photo of the vehicle to submit to Asset Protection, as employees are trained to do.

9. Plaintiff saw an employee outside unloading a truck of mulch and went to check on him due to the extreme cold that day.

10. While Plaintiff was at the mulch truck, the suspected shop lifter looped back into the parking lot about 50 yards away. He got out of his car and went to his open trunk while yelling at Plaintiff. Plaintiff did not respond to his verbal threats. The man then got into his car again and drove over to

the mulch truck, stopping about 10 yards away.  He continued his verbal threats.  Plaintiff did not respond in an attempt to de-escalate the situation.  At no time did the encounter become physical and Plaintiff stayed calm throughout the entire exchange.  The man then drove out of the parking lot and left.

11. Plaintiff returned to the store and filled out a Respond Without Detention (RWD) and sent the picture of the vehicle to Kristen Hunter, asset associate, for a "bolo" for future prosecution as is company policy.

12. On March 17, 2022, Plaintiff was asked to write an incident statement by Derrick Benson, District Asset Protection Manager.  He did so.

13. On April 13, 2022, Plaintiff was terminated for an alleged violation of company policies by District Manager Chris Grimley and District HR Manager Haley Simone.

14. Plaintiff did not violate company policy.

15. Plaintiff had no prior performance violations and was a top performer in the company.  He did not have any negative performance reviews in his fifteen years with Lowe's and was considered a Leading Performer the previous two years.

16. Upon information and belief, an Assistant Store Manager, Donna Gillespie (female), at the Waxahachie, Texas store, retrieved stolen merchandise from the store parking lot.  She was placed on a Final Notice but not discharged.  This is a violation of company policy that prohibits direct confrontation with a suspected shoplifter.

17. Plaintiff timely appealed the discharge and on or about May 6, 2022, he was informed by Jennifer Hill, Associate Relations investigator, that the termination will stand.

18. At the time of his discharge, Plaintiff was earning approximately $136,276.00 per year base pay plus annual bonuses equal to approximately one year's pay, annual long-term incentive in the

amount of $20,000.00, stock options, a retirement plan, and other benefits. His total target compensation for 2022 was approximately $224,147,00. In 2021, he earned $317,195.15 in total taxable compensation.

19.     Plaintiff alleges he was discriminated against based on his sex (male).

### IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

20.     Plaintiff incorporates the factual allegations contained in paragraphs 5-19 herein as if set out verbatim.

21.     Plaintiff alleges that he was discriminated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff (male) from gender discrimination in the workplace.

22.     Plaintiff was well qualified for the position of Store Manager for Defendant based upon his education, training, and approximately fifteen (15) years of experience with Defendant.

23.     Any reason Defendant may offer for discharging Plaintiff as Store Manager is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of performance deficiencies of any kind during his approximately fifteen (15) years of employment with Defendant.

24.     Plaintiff claims all relief, legal and equitable, that effectuate his rights under 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

25.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

26. On or about July 20, 2022, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 17, 2023, he received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated March 17, 2023.

27. In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## V. STATE CLAIMS FOR RELIEF AND DAMAGES

### Violations of TEX. LABOR CODE § 21.051, *et seq.*

**A.   Discrimination on the Basis of Sex**

28. Plaintiff incorporates the factual allegations contained in paragraphs 5-19 herein as if set out verbatim.

29. Plaintiff was discharged in violation of TEX. LABOR CODE § 21.051, *et seq.*, as amended, protecting Plaintiff from discrimination in the workplace based on his sex (male).

30. Plaintiff was well qualified for the position of Store Manager for Defendant based upon his education, training, and approximately fifteen (15) years of experience with Defendant.

31. Any reason Defendant may offer for discharging Plaintiff as Store Manager is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of performance deficiencies of any kind during his employment with Defendant.

32. Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

33. Plaintiff requests reasonable attorney's fees and costs as permitted under TEX. LABOR CODE §21.259.

34. On or about July 20, 2023, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 17, 2023, he received the Notice of Right to Sue from the U.S. Department of Justice, Civil Rights Division, which was dated March 17, 2023.

## VI. DAMAGES

35. Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.

36. Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended.

37. Plaintiff claims all relief, legal and equitable that effectuate his rights under TEX. LABOR CODE § 21.051, *et seq.*, including TEX. LABOR CODE § 21.258.

38. Defendant's conduct in terminating Plaintiff was done intentionally and with malice. Accordingly, Plaintiff claims all compensatory damages as authorized by TEX. LABOR CODE § 21.2585.

## VII. ATTORNEY'S FEES

39. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VIII. JURY DEMAND

40. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

        **RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**